UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-01742-JLS-DTB | Date: October 28, 2025 |
| Title:  Efrain Lopez v. Ford Motor Company et al | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING MOTION TO REMAND (Doc. 9)**

Before the Court is a Motion to Remand filed by Plaintiff Efrain Lopez.  (Mot., Doc. 9.)  Defendant Ford Motor Company opposed, and Plaintiff responded.  (Opp., Doc. 12; Reply, Doc. 13.)  Having taken the matter under submission, and for the following reasons, the Court DENIES Plaintiff's Motion.

**I.     BACKGROUND**

On May 20, 2025, Plaintiff filed this action in San Bernardino County Superior Court against Defendant, alleging a claim under the Song-Beverly Consumer Warranty Act arising out of Plaintiff's purchase of a 2022 Ford F-150 (the "Subject Vehicle").  (Ex. A to Notice of Removal ("NOR"), Compl., Doc. 1-1.)  The Complaint alleges that, prior to filing the action in state court, Plaintiff sent Defendant a demand letter on April 18, 2025, containing copies of the Subject Vehicle's sales contract, service records, and registration.  (*Id.* ¶ 16.)  Defendant acknowledged receipt of the demand letter on May 2, 2025.  (*Id.* ¶ 17.)

The Complaint contains no allegations as to Plaintiff's citizenship or the amount-in-controversy.  (*See generally id.*)  The action was filed in state court as an unlimited civil action with an amount demanded exceeding $35,000.  (*Id.*)  Plaintiff seeks, among

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-01742-JLS-DTB                                  Date: October 28, 2025
Title:  Efrain Lopez v. Ford Motor Company et al

other things, general and actual damages, a civil penalty of up to two times the amount of actual damages, and attorneys' fees.  (*Id.* at 10.)  Plaintiff served his Complaint on Defendant on June 4, 2025.  (*Id.* at 2.)

"In the … 30 days" prior to removal, Defendant "conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue … plausibly g[ave] rise to [federal] subject matter jurisdiction."  (NOR at 2, Doc. 1.)  On July 10, 2025, Defendant removed the action to federal court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*Id.*)  Defendant asserts that complete diversity of citizenship exists, as Plaintiff is a citizen of California and Defendant is a citizen of Delaware, where it is incorporated, and Michigan, where it has its principal place of business.  (*Id.* at 2.)  Defendant also asserts that the amount in controversy exceeds $75,000.  (*Id.* at 2–5.)  Defendant's Notice of Removal states that a plausible estimate of actual damages is $49,100, based upon an "estimate[d] … purchase price [of] $51,000" and an "estimated $2,000 in total deductions including estimates of mileage offset, negative equity, manufacturer's rebate, and GAP Financing."  (*Id.* at 4.)  Including Plaintiff's request for civil penalties in the amount of two times actual damages, and "a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point [in the amount of] $5,000[,]" the amount-in-controversy "exceeds $75,000."  (*Id.* at 5.)

Plaintiff moved to remand the case on August 8, 2025.  (Mot.)

**II.    LEGAL STANDARD**

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01742-JLS-DTB  Date: October 28, 2025
Title: Efrain Lopez v. Ford Motor Company et al

$75,000. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up, internal quotation marks omitted). "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Generally, a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). But "[i]f the case stated by the initial pleading is not removable," then a notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). However, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" so long as it does so "within one year of the commencement of the action." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013); *see also* 28 U.S.C. § 1446(c)(1).

**III. ANALYSIS**

    **A. Timeliness of Removal**

Plaintiff argues that Defendant's removal more than thirty days after being served with the Complaint was untimely. (Mot. at 8.) To resolve this issue, the Court must first determine whether Plaintiff's Complaint was "removable on its face." *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-01742-JLS-DTB                                          Date: October 28, 2025
Title:  Efrain Lopez v. Ford Motor Company et al

The Court agrees with Defendant that the Complaint did not trigger the thirty-day removal period, because the amount in controversy was not set forth on the face of the Complaint.[1]  The Complaint includes the VIN of the Subject Vehicle and states that Plaintiff seeks to recover at least the amount he paid for the Subject Vehicle, less the amount attributable to use prior to the discovery of nonconformities.  (*See* Compl. ¶¶ 4, 23.)  The Complaint also includes the mileage on the Subject Vehicle when it was delivered for repair.  (*Id.* ¶ 11.)  Yet the Complaint does not specify the total cash price paid or payable—let alone the approximate value or condition—of the Subject Vehicle.  The absence of such information prevented Defendant from estimating the actual damages sought, rendering Plaintiff's request for "a civil penalty of up to two times the amount of actual damages" virtually meaningless.  (*Id.* ¶ 26.)  Defendant therefore could not have determined from Plaintiff's Complaint whether the amount in controversy exceeded $75,000.  Accordingly, the thirty-day removal clock did not begin to tick upon Defendant's receipt of the initial pleading.

Plaintiff argues that the removal clock started before Defendant was served on June 4, 2025, "because [Defendant] was in possession of the sales contract and repair records at least as early as April 18, 2025, and it acknowledged receipt of said documents by May 2, 2025."  (Mot. at 8.)  However, "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period."  *Carvalho*, 629 F.3d at 886.  Nor can "a pre-complaint document containing a jurisdictional clue [] operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods."  *Id.*  Accordingly, the pre-litigation documents received by Defendant did not trigger a thirty-day period to remove under 28 U.S.C. § 1446(b).  *See id.*  And though Defendant likely "'could have' demonstrated removability earlier based on its knowledge beyond the pleadings, it [was] not 'obligated to do so.'"  *Solis v. Nissan N. Am. Inc.*, 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (citing *Kuxhausen v.*

---

[1] In light of this conclusion, the Court need not reach Defendant's additional argument that Plaintiff's citizenship was not set forth on the face of the Complaint.  (*See* Opp. at 11–12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-01742-JLS-DTB | Date: October 28, 2025 |
| Title:  Efrain Lopez v. Ford Motor Company et al | |

*BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013)); *see also Roth*, 720 F.3d at 1125.  The Court therefore concludes that Defendant's removal within thirty days of the completion of its investigation was timely.  (*See* NOR at 2.)

    **B.**    **Propriety of Removal**

Plaintiff also challenges the propriety of removal.  (Mot. at 12–17.)  As noted above, to fall within this Court's diversity jurisdiction an action must be between citizens of different states and have an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332(a).

    **1.**    **Diversity of Citizenship**

"The natural person's state citizenship is [] determined by her state of domicile … [a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  In determining the citizenship of a corporation for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

Plaintiff argues that Defendant has failed to establish complete diversity because it "did not provide any evidence regarding Plaintiff's citizenship."  (Mot. at 15.)  Defendant's Notice of Removal states that its "preliminary investigation concluded that Plaintiff resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California[.]"  (NOR at 3.)  In opposing Plaintiff's Motion, Defendant submitted a copy of Plaintiff's Retail Installment Sale Contract ("RISC"), which includes an address for Plaintiff located in San Bernardino, California.  (Ex. A to Ihara Decl., RISC, Doc. 12-2.)  Plaintiff has not offered any evidence to rebut Defendant's conclusion that he is in fact domiciled in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01742-JLS-DTB  Date: October 28, 2025
Title: Efrain Lopez v. Ford Motor Company et al

California, where his Complaint and Defendant's investigation indicate that he resides and intends to remain. Such unrebutted evidence supports a finding of California citizenship. *See El-Said v. BMW of N. Am., LLC*, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (Staton, J.) (finding citizenship where purchase agreement listed a California address and plaintiff did not deny he was a citizen of California); *cf. Salazar v. Ford Motor Co.*, 2022 WL 16855563, at *5 (C.D. Cal. Nov. 10, 2022) (following *El-Said* and finding that plaintiff's California citizenship was established based on allegations in the complaint and address in sale contract); *Ghebrendrias v. FCA US LLC*, 2021 WL 5003352, at *3 (C.D. Cal. Oct. 28, 2021) (same). Thus, it appears that Plaintiff is a citizen of California. Because Plaintiff does not dispute that Defendant is a citizen of Michigan and Delaware, the Court is satisfied that Defendant has demonstrated complete diversity of citizenship. (*See* NOR at 2.)

### 2. Amount in Controversy

"A defendant's notice of removal to federal court must 'contain[ ] a short and plain statement of the grounds for removal,'" including the amount in controversy. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)). Where, as here, the defendant's amount-in-controversy allegation is contested by the plaintiff, the defendant bears the burden of proving by a "preponderance of the evidence" that the amount in controversy exceeds $75,000. *Dart Cherokee*, 574 U.S. at 87–88.

"The measure of a buyer's damages in [a Song-Beverly Act] action includes 'replacement or reimbursement as set forth in subdivision (d) of Section 1793.2[.]" *Niedermeier v. FCA US LLC*, 15 Cal. 5th 792, 800 (2024). Under that subdivision, reimbursement or restitution is "an amount equal to the actual price paid or payable by the buyer[.]" Cal. Civ. Code § 1793.2(d)(2)(B); Cal. Civ. Code § 1794(b). The "amount directly attributable to use by the buyer prior to the discovery of the nonconformity" must be subtracted from the calculation of actual damages. *Id.* § 1793.2(d)(1). As of January

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-01742-JLS-DTB                                    Date: October 28, 2025
Title:  Efrain Lopez v. Ford Motor Company et al

1, 2025, in addition to mileage use offsets, "additional offsets exist for negative equity; manufacturers' rebates and credits; and the actual price of 'optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff.'" *Diaz v. Nissan N. Am., Inc.*, 2025 WL 2647458, at *3 (C.D. Cal. Sept. 12, 2025) (quoting Cal. Civ. Proc. Code § 871.27(b)–(d)).  Manufacturers can, and Defendant here has, "elect[ed] to be governed" by these additional offsets for all cars "sold in the year 2025 and in all prior years[.]"  Cal. Civ. Proc. Code § 871.30(a).  (*See also* Opp. at 18.)  The Song-Beverly Act also provides for civil penalties of up to double the amount of actual damages, as well as for attorneys' fees.  *See* Cal. Civ. Code § 1794(c)–(d).

### a. Actual Damages

To support its amount-in-controversy calculation, Defendant provides Plaintiff's RISC, which lists a "total cash price" of $73,620.07.  (RISC at 3.)  Defendant also submits repair orders showing that "Plaintiff's use of the Subject Vehicle prior to the discovery of th[e] alleged nonconformity was 4774 miles . . . result[ing] in an estimated mileage offset of [$2,304.57]."[2]  (Opp. at 17; *see also* Ex. B to Ihara Decl., Doc. 12-3.)  Defendant further identifies "other offsets for negative equity and optional third-party contracts amounting to a total of $12,509.84."  (Opp. at 17; *see also* RISC.)  The evidence provided with Defendant's opposition shows that the offsets for third-party contracts include "theft-deterrent devices, surface-protection products, [and] service contracts," which are not recoverable as damages.[3]  Cal. Civ. Proc. Code § 871.27; (RISC at 3;) *see also* Cal Civ. Code § 1793.2(d)(2)(B) (When a customer seeks restitution for a

---

[2] Though Defendant correctly states that the mileage prior to the discovery of the alleged nonconformity was 4774, it then appears to have calculated the mileage use offset as $2,285.26. based on a typographical error of 4734 miles.  (*See* Opp. at 17; *see also* Ex. B to Ihara Decl.)  The Court has calculated the estimated mileage use offset based on 4774 miles.  (*See* Ex. B to Ihara Decl.)

[3] Note these offsets only apply to manufacturers who elected to be governed by the provisions of § 871.27, which GM has.  *See* Cal. Civ. Proc. Code § 871.30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-01742-JLS-DTB                                       Date: October 28, 2025
Title:  Efrain Lopez v. Ford Motor Company et al

defective vehicle the amount is "equal to the actual price paid . . . excluding nonmanufacturer items installed by a dealer or the buyer."). Accordingly, the actual damages at issue are reasonably calculated at $58,805.66 ($73,620.07 – ($2,304.57 + $12,509.84)).[4]

### b. Civil Penalties

Defendant uses its calculation of actual damages and Plaintiff's request for "a civil penalty of up to two times the amount of actual damages[,]" to estimate that a potential amount in controversy would be at least $105,574.08 before including attorneys' fees. (Opp. at 18; *see also* Compl. ¶ 26.)

"The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022). Rather, "[t]o satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such

---

[4] Defendant calculates the estimated amount in controversy as $35,191.36 starting with the $81,986.46 purchase price of the Subject Vehicle, less the statutory offsets and what Ford has estimated as a whopping $32,000 for "unpaid financing" charges. (Opp. at 17.) This seems to be in error. Restitution must equal the "actual price paid *or payable* by the buyer," less amounts for various offsets. Cal. Civ. Code § 1793.2(d)(2)(B) (emphasis added). And while Defendant is correct that unpaid finance charges should not be included, *see, e.g.*, *Holding v. Nissan N. Am., Inc.*, 2025 WL 2388758, at *2 (C.D. Cal. Aug. 18, 2025), Defendant's $32,000 offset reflects not only unpaid finance charges, but the entire amount that remains *payable* under the contract. (See RISC, Doc. 12-2 at 2) (noting entire finance charge is $7586.64.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-01742-JLS-DTB                                    Date: October 28, 2025
Title:  Efrain Lopez v. Ford Motor Company et al

as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id.* (internal citation and quotation omitted).

To satisfy this burden, Defendant points to Plaintiff's allegations of willfulness, the fact that the Subject Vehicle was "presented for repair at least 8 times[,]" and its counsel's experience that "plaintiffs pursue civil penalties where there are records of multiple repair presentations."  (Opp. at 18; *see also* Compl. ¶¶ 15, 20, 26; Ihara Decl. ¶¶ 2–3; Ex. B to Ihara Decl.)  This adequately supports the inclusion of civil penalties in the amount in controversy.  *See Pulver v. Nissan N. Am., Inc.*, 2025 WL 1766529, at *6 (C.D. Cal. June 25, 2025) (concluding similarly).  The Court therefore calculates a potential amount in controversy of at least $176,416.98.

### 3.    Conclusion as to Propriety of Removal

Defendant shows by a preponderance of the evidence that there is diversity of citizenship and that the amount in controversy exceeds $75,000.  The Court therefore has subject matter jurisdiction.

## IV.    **CONCLUSION**

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: kd